IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PAMELA REYES, on behalf of herself and on behalf of all others similarly situated,<br>   Plaintiff,<br><br>v.<br><br>TOPGOLF INTERNATIONAL, INC., and TOPGOLF USA SPRING HOLDINGS, LLC,<br>   Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br><br>Civil Action No. 3:17-CV-0883-L-BH |

## MEMORANDUM OPINION AND ORDER

By *Standing Order of Reference*, dated July 25, 2017, this case was referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court for determination is the plaintiff's *Motion for Leave to Amend Complaint*, filed September 22, 2017 (doc. 35). Based upon the relevant filings and applicable law, the motion for leave is **GRANTED**.

## I. BACKGROUND

On March 29, 2017, Pamela Reyes (Plaintiff) brought this collective action under the Fair Labor Standards Act (FLSA) on behalf of herself and all other similarly situated employees of Topgolf International, Inc., and Topgolf USA Spring Holdings, LLC (Defendants), to recover unpaid wages. (doc. 1 at 1-4.)[1] She alleges that Defendants improperly applied the tip credit provisions of the FLSA and failed to pay their employees the mandated minimum wage and overtime rates. (*See id.*) A motion for conditional certification has not yet been filed, so the composition of a possible

---

[1] Citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

putative class and the contents of a possible court-authorized notice have not yet been determined.[2]

A scheduling order was entered on July 27, 2017, which provided that "[a]ll motions for leave to amend pleadings must be filed no later than June 1, 2018," discovery must be completed by August 31, 2018, and all dispositive motions must be filed "[n]o later than September 28, 2018." (doc. 26 at 1-2.) Eight days after the scheduling order was entered, on August 4, 2017, Defendants filed a motion for summary judgment in which they argued that Plaintiff's claims are factually and legally baseless. (doc. 27.) Plaintiff responded that a genuine issue of material fact existed, and she alternatively argued under Rule 56(d) that Defendants' motion should be denied as premature or deferred until additional discovery was completed. (doc. 36.)

Plaintiff also filed a motion for leave to file an amended complaint "to include an additional reason why Defendants should be precluded from relying on the tip credit to pay its employees." (doc. 35 at 1.) Her original complaint was based on Defendants' alleged failure to inform their "staff of their desire to rely on the tip credit to meet its minimum wage obligations" and their miscalculation and failure to pay overtime wages at the correct rate. (doc. 1 at 3.) She seeks to add allegations "that Defendants should [also] be divested of the tip credit because they require their tipped employees to share tips with employees that do not customarily and regularly receive tips."[3] (docs. 35 at 2, 35-1 at 3.) She identifies these non-tipped employees as "muckers," who "work exclusively washing dishes alongside dishwashers" and "do not receive tips directly from customers and have no interaction with customers." (doc. 35-1 at 13.)

---

[2] Plaintiff identifies the potential class members as the "current and former tipped employees that worked for Defendants in the three years prior to the institution of this action." (doc. 1 at 4.)

[3] An employer may not claim a tip credit unless "all tips received by [a tipped] employee have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips." 29 U.S.C. § 203(m).

2

With a timely response (doc. 40) and reply (doc. 42), Plaintiff's motion for leave is ripe for determination.

## II. MOTION FOR LEAVE

Plaintiff argues that she should be granted leave to file an amended complaint pursuant to Rule 15(a). (doc. 35 at 2-3.)

Under Rule 15(a), pleadings may be amended once as a matter of course before a responsive pleading is served, and thereafter by leave of court. *See* Fed. R. Civ. P. 15(a). The rule also provides that such leave "shall be freely given when justice so requires," but "it is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (citing *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981). The decision to grant or deny leave is left to the sound discretion of the trial court. *Ashe v. Corley*, 992 F.2d 540, 542 (5th Cir. 1993). Leave to amend should not be denied unless there is a "substantial reason" to do so. *Jacobsen v. Osbourne*, 133 F.3d 315, 318 (5th Cir. 1998); *Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985) (citations omitted). There is a substantial reason to deny leave if the proposed amendment would cause undue delay or prejudice to the non-movant, if it is motivated by bad faith or dilatory motives, if there have been repeated failures to cure deficiencies with prior amendment, or if the amendment is futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Martin's Herend Imports, Inc. v. Diamond & Gem Trading*, 195 F.3d 765, 770 (5th Cir. 1999).

### A.     **Undue Delay, Dilatory Motive and Prejudice**

Defendants first argue that Plaintiff's request for leave is "untimely," an "unjustified dilatory tactic," and prejudicial because she sought leave to amend after they filed a motion for summary judgment. (doc. 40 at 6-8.)

3

"A litigant's failure to assert a claim as soon as he could have is properly a factor to be considered in deciding whether to grant leave to amend. Merely because a claim was not presented as promptly as possible, however, does not vest the district court with authority to punish the litigant." *Carson v. Polley*, 689 F.2d 562, 584 (5th Cir. 1982). Delay alone is an insufficient basis to deny leave to amend, and delay must be "*undue, i.e.*, it must prejudice the nonmoving party or impos[e] unwarranted burdens on the court." *In re Enron Corp. Securities, Derivative & ERISA Litigation*, 610 F.Supp.2d 600, 653 (S.D.Tex. 2009)(emphasis in original)(quoting *Mayeaux v. Louisiana Health Service and Indemnity Co.*, 376 F.3d 420, 427 (5th Cir. 2004)). When a court considers a motion for leave to add a new theory to the complaint, "[a]s a general rule, the risk of substantial prejudice increases with the passage of time." *Home Depot U.S.A., Inc. v. Nat'l Fire Ins. Co. of Hartford*, No. 3:06-CV-0073-D, 2007 WL 2592353, at *2 (N.D. Tex. Sept. 10, 2007) (citation omitted). The Fifth Circuit recognizes that "even under the more liberal Rule 15 standard [a court] 'more carefully scrutinize[s] a party's attempt to raise new theories of recovery by amendment when the opposing party has filed a motion for summary judgment.'" *Squyres v. Heico Cos., LLC*, 782 F.3d 224, 239 (5th Cir. 2015) (citation omitted).

Here, Plaintiff seeks leave to file a first amended complaint less than six months after filing this action, well before the deadline for amendments, but immediately after Defendants filed a motion for summary judgment. (doc. 35.) Plaintiff seeks to add an additional reason why Defendants should be precluded from relying on the tip credit to pay its employees, namely the improper inclusion of an allegedly non-tipped position in the tip pool. (doc. 35-1.) She explains, in reply to Defendants' claim that she failed to mention this new theory in discovery, that "she was unaware of the fact that Defendants siphoned her tips to pay employees working as [muckers]," and

4

it was "not revealed until her counsel investigated Defendants' other locations[4] and interviewed additional workers from Plaintiff's location." (doc. 42 at 2-3.) Plaintiff further explains that her initial written discovery contained multiple questions about muckers, but Defendants objected to these questions as "outside the scope of discovery" and filed a summary judgment motion eight days after submitting those objections to Plaintiff's counsel. (docs. 42 at 2-3, 37-3 at 17-18, 37-5 at 4-11.)

Because it was filed before the deadline set in the scheduling order, Plaintiff's motion is presumed timely. *See Smallwood v. Bank of Am.*, No. 3:11-CV-1283-D, 2011 WL 4941044, at *1 (N.D. Tex. Oct. 17, 2011) (C.J. Fitzwater) (explaining that "there is a presumption of timeliness" if the motion for leave is filed by the court-ordered deadline). Though Defendants argue that several cases with "analogous facts" have been denied leave to amend, none of these cases present a FLSA collective action where the defendant filed a summary judgment motion within four months after the case was filed, and only one week after objecting to written discovery requests regarding the exact issue that the plaintiffs sought to add to their complaint. *See, e.g., Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 644 (5th Cir. 2007) (affirming denial of the plaintiffs' motion for leave to amend complaint because the district court allowed previous amendments and because the plaintiffs "had been aware of the factual underpinnings of the [additional] claim for some time . . . [but] had not been diligent in pursuing the claim"); *Wimm*, 3 F.3d at 141-43 (affirming denial of plaintiff's motion for leave to amend where the plaintiff had previously amended the complaint and had been aware of the facts upon which the amendment was based for over twenty months); *Home Depot U.S.A., Inc*, 2007 WL 846525 at *1-4 (denying the defendant's motion for leave to assert a new counterclaim because it moved for leave "[o]nly after [the plaintiff] moved for and obtained summary judgment

---

[4] Plaintiff's counsel filed a similar lawsuit against TopGolf USA Riverwalk, LLC, TopGolf USA Gilbert, LLC, and TopGolf International, Inc. in the District Court for the District of Arizona on April 14, 2017, that also included allegations on "muckers" being improperly in the tip-pool. (*See* doc. 41 at 17-43.)

5

[], obtained leave to file a second summary judgment motion [], and over 18 months had elapsed since suit was filed"); *WRR Indus., Inc. v. Prologis*, No. 3:04–CV–2544–L, 2006 WL 1814126, at *5 (N.D.Tex. June 30, 2006) (finding bad faith and dilatory motive where the motion for leave to amend would fundamentally alter the case after 18 months, and motions to dismiss and for summary judgment had been filed).

Defendant has not shown that permitting the amendment will cause undue delay or prejudice. *See Carson*, 689 F.2d at 583-585 (finding the district court abused its discretion in denying leave to amend complaint to add an additional claim where there was no pretrial order or conference, there was no evidence in the record to suggest the plaintiff acted in bad faith in not previously including the claim, and there was no evidence of prejudice to the defendants if the claim was allowed to be made); *compare OnAsset Intelligence, Inc. v. Freightweight International (USA), Inc.,* No. 3:11-CV-3148-G, 2012 WL 5409660, at *2 (N.D.Tex. Nov. 6, 2012) (finding the "usual case in which 'undue delay' supports a court's denial of leave to amend is where a party waits until the eve of trial to assert a new claim); *Daves v. Payless Cashway, Inc.*, 661 F.2d 1022, 1025 (5th Cir. 1981) (finding an unexplained delay in seeking to amend complaint on the day of trial coupled with the fact that the amended complaint presented a theory of recovery far removed from the original, justified denial of leave to amend even though there was no showing of bad faith). This FLSA collective action is still at an early stage, and when the facts in this case are "carefully scrutinized," nothing in the record suggests an undue delay or a dilatory motive by Plaintiff, or undue prejudice to Defendants.

**B.     Futility**

Defendants next argue that Plaintiff's first amended complaint is futile as it "fails to adequately plead that ineligible employees received tip pool distributions."(doc. 40 at 5-6.) They

6

contend that the new allegations regarding the "muckers" are futile because she fails to allege "that the jobs or duties of supposedly ineligible employees over the course of a workweek show that such employees did not customarily and regularly receive tips." (*Id*. at 6.)

The Fifth Circuit has interpreted futility under Rule 15 to mean that "the amended complaint would fail to state a claim upon which relief could be granted," so courts must apply the same standard as under Rule 12(b)(6). *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). Leave to amend does not need to be granted when the amended complaint would not defeat a motion to dismiss. *See id.* The issue of futility, however, is better addressed "in the context of a Rule 12(b)(6) or Rule 56 motion, where the procedural safeguards are surer." *Smallwood*, 2011 WL 4941044 at *1; *see also McDade v. Wells Fargo Bank, N.A.*, No. H-10-3733, 2011 WL 4860023 at *4 (S.D. Tex. Oct. 13, 2011) (explaining that in the context of a motion for leave, futility means that "the amended complaint would fail to state a claim upon which relief could be granted") (quoting *Stripling*, 234 F.3d at 873). This Court's "almost unvarying practice when futility is raised [in response to a motion for leave to amend] is to address the merits of the claim or defense in the context of a Rule 12(b)(6) or Rule 56 motion . . . where the procedural safeguards are surer." *Poly-America, Inc. v. Serrott Int'l Inc.*, No. 3:00-CV-1457-D, 2002 WL 206454, at *4-5 (N.D. Tex. Feb. 7, 2002) (citation omitted). Accordingly, Plaintiff's motion for leave to amend her complaint should not be denied as futile at this stage of the proceedings.

Having considered the relevant factors, there is no "substantial reason" to deny Plaintiff's motion for leave to amend her complaint. *See Jamieson*, 772 F.2d at 1208.

### III. CONCLUSION

Plaintiff's motion for leave (doc. 35) is **GRANTED**. The Clerk's Office shall file the proposed amended complaint (doc. 35-1) attached to Plaintiff's motion.

**SO ORDERED this 5th day of February, 2018.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE