UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAMELA REYES, on Behalf of Herself and on Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 3:17-cv-883 |
| v. | § § | JURY TRIAL DEMANDED |
| TOPGOLF INTERNATIONAL, INC. and TOPGOLF USA SPRING HOLDINGS LLC, | § § § § | |
| Defendants. | § § § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT
COLLECTIVE ACTION & JURY DEMAND**

**SUMMARY**

1.  The case implicates Defendants TopGolf International, Inc. and TopGolf USA Spring Holdings LLC ("TopGolf" or "Defendants" collectively) violations of the Fair Labor Standards Act's ("FSLA") tip credit and subsequent underpayment of their employees at the federally mandated minimum wage and overtime rates.

2.  The FLSA requires employers to pay their employees the minimum wage of $7.25 an hour. 29 U.S.C. § 206(a)(1)(C). Because the minimum wage is $7.25 an hour, the lowest permissible level of overtime is $10.88 an hour ($7.25 X 1.5). However, under 29 U.S.C. § 203(m), an employer may take advantage of the "tip credit" in order to meet the federal minimum wage requirement with respect to "tipped employees." *See* 29 U.S.C. § 203(m)(1)-(2). Under this tip credit rule, an employer may pay a tipped employee as little as $2.13 an hour for non-overtime hours, but only if the employee still makes the minimum wage when the wages paid and the

1



employee's tips combine to equal at least the minimum wage. In other words, under 29 U.S.C. § 203(m), the employer may take a credit for an employee's tips to make up the difference between the cash wage of $2.13 the employer pays and the minimum wage the employer owes its wait staff. *See Pedigo v. Austin Rumba, Inc.*, 722 F. Supp. 2d 714, 721 (W.D. Tex. 2010).

3.     However, under the FLSA, the maximum tip credit available to an employer—for non-overtime hours and overtime hours alike—is $5.12 an hour. For non-overtime hours, the tip credit adjusted minimum wage is $2.13 an hour. However, this does not mean that an employer can pay a tipped employee overtime by simply multiplying $2.13 by 1.5 by the number of overtime hours worked in a week. *See* 29 C.F.R. § 531.60. Instead, to calculate overtime for a tipped employee, an employer must multiply the minimum wage of $7.25 per hour by 1.5 then apply the tip credit. In other words, a tipped employee must be paid at minimum $5.76 per overtime hour ($7.25 X 1.5 minus $5.12), not merely $3.20 per overtime hour ($2.13 X 1.5).

4.     TopGolf, a nationwide corporation employing thousands of tipped employees, underpays those employees' overtime wages by paying for overtime hours worked at a rate less than $5.76 per hour.

5.     TopGolf took advantage of the tip credit. Under the FLSA, an employer cannot take advantage of the tip credit unless it complies with the strict requirements of the statute. *See* 29 C.F.R. § 531.59. First, the employer must inform an employee in advance of its use of tip credit pursuant to the provisions of § 203(m). That is, employer must inform the employee of (1) the amount of the cash wage that is to be paid to the tipped employee, (2) the amount by which the wages of the tipped employee are increased on account of the tip credit, (3) that all tips received by the employee must be retained by the employee except for tips contributed to a valid tip pool,

and (4) that the tip credit shall not apply to any employee who does not receive the notice. *See* 29 C.F.R. § 531.59

6.  TopGolf violated the FLSA in the following respects:

    a.  **3(m) Violation for failure to inform:** Defendants failed to correctly inform the wait staff of their desire to rely on the tip credit to meet its minimum wage obligations based upon existing company-wide policies;

    b.  **3(m) Violation for failure to pay overtime:** Defendant failed to pay overtime at the correct rate;

    c.  **3(m) Violation for taking a tip credit in excess of the statutory maximum:** Defendants violated the FLSA by taking a tip credit greater than $5.12 an hour. *See* 29 C.F.R. § 531.59(b) ("The credit allowed on account of tips may be less than that permitted by statute; it cannot be more.");

    d.  **Violation of 7(a)/29 C.F.R. § 778.115** for miscalculating overtime: Defendants failed to pay overtime on a weighted average when its tipped employees worked jobs paying at two or more different rates during the same week.

    e.  **3(m) Violation for requiring tipped employees to share tips with non-tip eligible employees:** Defendants required tipped employees to participate in a tip pool that included workers who do not customarily and regularly receive tips.

    f.  **Violation of 7(a)/7(b):** Since Defendants cannot take advantage of the tipped credit privilege, Defendants' direct wages paid to tipped employees are below federal minimum wage and overtime rates. Accordingly, Defendants failed to pay its tipped employees overtime and minimum wage at the applicable federal rates.

7.  As a result of these violations, TopGolf has lost its ability to use the tip credit and therefore must compensate its employees at the full minimum wage rate and overtime wage rate, unencumbered by the tip credit, and for all hours worked. In other words, Defendants must account to its employees for the difference between the wages they paid and the minimum wage of $7.25 an hour and $10.88 an hour for overtime hours worked.

8.  "Where a tipped employee is required to contribute to a tip pool that includes employees who do not customarily and regularly receive tips, the employee is owed the full $7.25

3

minimum wage and reimbursement of the amount of tips that were improperly utilized by the employer." DOL Fact sheet #15, https://www.dol.gov/whd/regs/compliance/whdfs15.pdf

9. Plaintiff and class members are entitled to a return of their tips that were improperly utilized by TopGolf when it included nontipped employees in the tip pool.

10. Plaintiff Reyes brings this action on behalf of herself and on behalf of all other similarly situated employees ("Class Members") to recover the unpaid wages owed to them by Defendants pursuant to 29 U.S.C. § 216(b).

11. Plaintiff also prays that similarly situated wait staff of Defendants be notified of the pendency of this action to apprise them of their rights and to provide them an opportunity to opt into this litigation.

## SUBJECT MATTER JURISDICTION AND VENUE

12. This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 216(b), *et. seq*.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this district, including many of the wrongs herein alleged.

14. Defendant TopGolf International, Inc. is headquartered in Dallas, Texas.

## PARTIES AND PERSONAL JURISDICTION

15. Plaintiff Pamela Reyes is an individual residing in Montgomery County, Texas. Her written consent to this action has been previously filed.

16. The Class Members are the current and former tipped employees that worked for Defendants in the three years prior to the institution of this action.

17. Defendant TopGolf International, Inc. is a foreign limited corporation organized under the laws of Delaware. Defendant has been served process and made an appearance in this case through its counsel.

18. Defendant TopGolf USA Spring Holdings, LLC is a domestic limited liability company. Defendant has been served process and made an appearance in this case through its counsel.

19. Defendant TopGolf USA Spring Holdings, LLC is a holding company that handled payroll for the location where Plaintiff Reyes worked.

20. This Court has personal jurisdiction over Defendants because each business does business in Texas, hires Texas residents, contracts with Texas residents, owns or leases property in Texas, and because Defendants are headquartered in Texas.

## **FLSA COVERAGE**

21. At all material times, Defendants have been employers within the meaning of the FLSA. 29 U.S.C. § 203(d).

22. At all material times, Defendants have been enterprises in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

23. At all material times, Defendants have enjoyed yearly gross revenue in excess of $500,000.

24. At all material times, Plaintiff and Class Members were employees engaged in the commerce or the production of goods for commerce.

25. At all material times, Defendants have operated as a "single enterprise" within the meaning of 29 U.S.C. § 203(r)(1). That is Defendants perform related activities through unified operation and common control for a common business purpose.

26. Defendants operate a nationwide chain of entertainment establishments under the name TopGolf under the control of the same senior level management. Indeed, the establishments advertise themselves as a unified entity through the same website.

27. Defendants represent themselves to the public as company operating at multiple locations. They share employees, have a common management, pool their resources, operate from the same headquarters, have common ownership, and have the same operating name.

28. Defendants operate under a unified business model and part of that unified business model is the wage violations alleged in this Complaint.

29. Thus, Defendants formed a "single enterprise" and are liable for the violations of the other.

## FACTS

30. TopGolf operates nearly 30 golf related entertainment facilities in the United States.

31. TopGolf employs Bayhost in Texas, Virginia, Illinois, Georgia, Colorado, New Jersey, Arizona, Oregon, Florida, Nevada, Oklahoma, Kansas, California, Utah, and Ohio.

32. TopGolf's United States headquarters is in Dallas, Texas.

33. At each of its facilities, TopGolf employs tipped employees and such employees are known as "Bayhosts."

34. Plaintiff Reyes worked for TopGolf as a Bayhost from approximately March of 2014 to December of 2016 at TopGolf's Spring, Texas location.

35. Plaintiff worked overtime and was paid by TopGolf at a rate less than $5.76 per hour.

36. Plaintiff is a non-exempt employee.

37. Plaintiff Reyes was not informed of the information found in 29 C.F.R. § 531.52(b) prior to the use of the tip credit by Defendants.

38. Plaintiff was a tipped employee during some of her employment with Defendants.

39. TopGolf's Spring, Texas location is located at 560 Spring Park Center Blvd. Spring, Texas 77373.

40. TopGolf has employed at least 100 Bayhosts in the last three years at its Spring, Texas location.

41. TopGolf has employed at least 500 Bayhosts in the last three years throughout the state of Texas.

42. TopGolf has employed at least 1000 Bayhosts in the last three years throughout the United States.

43. The job duties of all Bayhosts employed throughout Texas are the same.

44. The job duties of all Bayhosts employed in the United States are the same.

45. Plaintiff and other tipped employees of TopGolf commonly work overtime.

46. Plaintiff worked between 45 and 50 hours in many of her work weeks.

47. A Bayhost is responsible for bringing food and drink orders to TopGolf's customers, guiding TopGolf's customers to their assigned golfing bay, and performing other activities generally akin to a server in a restaurant.

48. All Bayhosts throughout the United States are given the same employee handbooks.

49. Employees at all TopGolf locations receive the same employee handbooks and are governed by the same corporate policies, including payroll policies.

50. TopGolf pays Plaintiff and Class Members a direct wage less than the minimum wage by taking advantage of the tip credit.

51. TopGolf employs bartenders, bar backs, bussers, food runners, muckers and bay hosts.

52. TopGolf considers its bartenders, bar backs, bussers, food runners, muckers and bay hosts as tipped employees.

53. TopGolf relies on the tip credit for complying with minimum wage for bartenders, bar backs, bussers, food runners, muckers and bay hosts employed in Texas.

54. TopGolf relies on the tip credit for complying with minimum wage for bartenders, bar backs, bussers, food runners, muckers and bay hosts employed in all locations.

55. TopGolf presents the same tip notice to its tipped employees nationwide.

56. TopGolf pays all Bayhosts employed in Texas a direct wage less than the minimum wage by taking advantage of the tip credit.

57. TopGolf pays all Bayhosts employed in Illinois a direct wage less than the minimum wage by taking advantage of the tip credit.

58. TopGolf pays all Bayhosts employed in Georgia a direct wage less than the minimum wage by taking advantage of the tip credit.

59. TopGolf pays all Bayhosts employed in Kansas a direct wage less than the minimum wage by taking advantage of the tip credit.

60. TopGolf pays all Bayhosts employed in Nevada a direct wage less than the minimum wage by taking advantage of the tip credit.

61. TopGolf pays all Bayhosts employed in Oklahoma a direct wage less than the minimum wage by taking advantage of the tip credit.

62. TopGolf pays all Bayhosts employed in Utah a direct wage less than the minimum wage by taking advantage of the tip credit.

63. TopGolf pays all Bayhosts employed in Virginia a direct wage less than the minimum wage by taking advantage of the tip credit.

64. TopGolf pays all Bayhosts employed in Texas, Virginia, Illinois, Georgia, Colorado, New Jersey, Arizona, Oregon, Florida, Nevada, Oklahoma, Kansas, California, Utah, and Ohio a direct wage less than the minimum wage by taking advantage of the tip credit.

65. TopGolf pays all Bayhosts employed in Texas, Virginia, Illinois, Georgia, Colorado, New Jersey, Arizona, Oregon, Florida, Nevada, Oklahoma, Kansas, Utah, and Ohio a direct wage less than the minimum wage by taking advantage of the tip credit.

66. TopGolf pays all Bayhosts, bartenders, bar backs, bussers, food runners, and muckers employed in Texas, Virginia, Illinois, Georgia, Colorado, New Jersey, Arizona, Oregon, Florida, Nevada, Oklahoma, Kansas, Utah, and Ohio a direct wage less than the minimum wage by taking advantage of the tip credit.

67. However, TopGolf violated the strict requirements of the FLSA's tip credit by taking a tip credit that exceeded $5.12 an hour.

68. TopGolf took a tip credit that exceeded $5.12 an hour for all Bayhost employed in Texas, Virginia, Illinois, Georgia, Colorado, New Jersey, Arizona, Oregon, Florida, Nevada, Oklahoma, Kansas, California, Utah, and Ohio.

69. TopGolf took a tip credit that exceeded $5.12 an hour for all Bayhost employed in Texas, Virginia, Illinois, Georgia, Colorado, New Jersey, Arizona, Oregon, Florida, Nevada, Oklahoma, Kansas, Utah, and Ohio.

70. TopGolf took a tip credit that exceeded $5.12 an hour for all Bayhost, bartenders, bar backs, bussers, food runners, and muckers employed in Texas, Virginia, Illinois, Georgia, Colorado, New Jersey, Arizona, Oregon, Florida, Nevada, Oklahoma, Kansas, Utah, and Ohio.

71. TopGolf took a tip credit that exceeded $5.12 an hour for all Bayhost employed in Texas.

9

72. TopGolf took a tip credit that exceeded $5.12 an hour for all Bayhost employed in Illinois.

73. TopGolf took a tip credit that exceeded $5.12 an hour for all Bayhost employed in Georgia.

74. TopGolf took a tip credit that exceeded $5.12 an hour for all Bayhost employed in Kansas.

75. TopGolf took a tip credit that exceeded $5.12 an hour for all Bayhost employed in Oklahoma.

76. TopGolf took a tip credit that exceeded $5.12 an hour for all Bayhost employed in Utah.

77. TopGolf accomplished this underpayment by paying overtime at a regularly hourly rate of 1.5 times the tip credit adjusted minimum wage of $2.13 an hour instead of applying the tip credit to 1.5 times the minimum wage.

78. The result of TopGolf's incorrect overtime calculation is payment at an overtime rate of less than the federally mandated overtime rate for tipped employees of $5.76.

79. TopGolf also did not inform its Bayhost, bartenders, bar backs, bussers, food runners, and muckers of "1) the amount of cash wage the employer is paying a tipped employee, which must be at least $2.13 per hour; 2) the additional amount claimed by the employer as a tip credit, which cannot exceed $5.12 (the difference between the minimum required cash wage of $2.13 and the current minimum wage of $7.25); 3) that the tip credit claimed by the employer cannot exceed the amount of tips actually received by the tipped employee; 4) that all tips received by the tipped employee are to be retained by the employee except for a valid tip pooling arrangement limited to

employees who customarily and regularly receive tips; or 5) that the tip credit will not apply to any tipped employee unless the employee has been informed of these tip credit provisions."

80. Because TopGolf violated the tip credit privilege and can no longer rely on the tip credit privilege, TopGolf has violated the FLSA's minimum wage and overtime requirements by paying at a rate of less than $7.25 and $10.88 per hour respectively.

81. Additionally, by paying overtime at a rate less than $5.76 an hour, TopGolf also paid a tipped minimum wage to its tipped employees of less than $2.13 an hour because the effect of paying an illegally low overtime rate is to depress the hourly rate for the non-overtime hours below $2.13 an hour.

82. TopGolf also violated the FLSA's tip credit requirements by failing to provide legally complaint notice pursuant to 29 C.F.R. sections 531.54 and 531.59(b).

83. TopGolf failed to inform Plaintiff and Class Members of its intent to rely on the tip credit to meets its minimum wage obligations violates the FLSA.

84. TopGolf failed to inform Plaintiff and Class Members of the cash wage it was to pay the tipped employees.

85. TopGolf failed to inform Plaintiff and Class Members that all tips received by the employee must be retained by the employee, except for tips contributed to a valid tip pool limited to employees who customarily and regularly receive tips.

86. TopGolf failed to inform Plaintiff and Class Members that the tip credit shall not apply to any employee who has not been informed by the employer of the provisions for a tip credit.

87. TopGolf failed to inform Plaintiff and Class Members that the tip credit may be taken only as to the amount the tipped employee actually receives, and that the employer may not retain any of the server's tips for any other purpose.

88. TopGolf further violated the FLSA's overtime requirements when it incorrectly calculated the overtime rate for its tipped employees who also worked in a non-tipped position, such as event planners.

89. The FLSA requires that employees working at two or more rates receive overtime compensation using a regular rate equal to the weighted average of their total hours worked. *See* 29 C.F.R. § 778.115.

90. When calculating the blended rate, TopGolf should have used $7.25 and $10.88 as the rate for tipped employees minimum wage and overtime rates respectively instead of $2.13 and $3.19 respectively.

91. Because TopGolf used an incorrect blended overtime rate, TopGolf violated the FLSA's overtime provisions when it paid its Bayhosts an artificially deflated overtime rate.

92. Defendants used Bayhosts' tips for purposes other than a valid tip pool when calculating the blended rate.

93. Defendants' illegal blended rate calculations described herein applied to all TopGolf Bayhost employed throughout the United States.

94. TopGolf processes payroll through ADP for all of its employees including all Bayhost.

95. TopGolf also violates the FLSA by requiring its tipped employees, such as Bayhosts, to participate in a tip pool that includes employees who do not customarily and regularly receive tips.

96. TopGolf employs individuals with the job title/role of "Mucker."

97. Muckers do not receive tips directly from customers and have no interaction with customers. Muckers work exclusively washing dishes alongside dishwashers.

98. However, TopGolf requires Muckers to participate in the tip pool and require that Bayhosts, and other employees in customer facing positions, contribute a portion of their tips to the Muckers. In other words, TopGolf uses the tips of customer facing employees to subsidize the wages of back of the house employees that are essentially dishwashers.

99. TopGolf requires Bayhosts employed in Texas to share their tips with Muckers.

100. TopGolf requires Bayhosts employed in Illinois to share their tips with Muckers.

101. TopGolf requires Bayhosts employed in Georgia to share their tips with Muckers.

102. TopGolf requires Bayhosts employed in Kansas to share their tips with Muckers.

103. TopGolf requires Bayhosts employed in Nevada to share their tips with Muckers.

104. TopGolf requires Bayhosts employed in Oklahoma to share their tips with Muckers.

105. TopGolf requires Bayhosts employed in Utah to share their tips with Muckers.

106. TopGolf requires Bayhosts employed in Virginia to share their tips with Muckers.

107. Muckers have to clock in under the "mucker" title.

108. Due to the multifaceted violations of the FLSA as outlined above, each of which is independently sufficient, Defendants lose the ability to claim the tip credit toward minimum wage. As a result, Plaintiff and Class Members were not paid at the federally mandated minimum wage or overtime at the federally mandated rate.

## COLLECTIVE ACTION ALLEGATIONS

109. Plaintiff bring this action as a FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendants nationwide for whom

Defendants claimed the tip credit, such as Bayhosts, bartenders, bar backs, bussers, food runners, muckers, waiters, servers, or employees in substantially similar positions within three (3) years from the commencement of this action to the present.

110. Plaintiff has actual knowledge, through conversations with her co-workers that a class of similarly situated Class Members exists who have been subjected to the same policies with respect to the payment of the minimum wage and overtime.

111. Plaintiff worked in Defendants' administrative department for some of her employment and has firsthand knowledge regarding Defendants' payroll practices.

112. The Class Members are similarly situated to Plaintiff in that they share the same duties and were subject to the same violations of the FLSA.

113. Plaintiff and Class Members labored under the same corporate structure, the same corporate policies, the same corporate chain of command, and pursuant to the same rules.

114. The names and address of all Class Members of the collective action are available from Defendants' records.

115. Although the exact amount of damages may vary among the Class Members in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simple formula.

116. Defendants use the same illegal and deficient tip notice for all employees it claims the tip credit for.

117. Defendants, as part of their company policy, include employees who do not customarily and regularly interact with customers as part of their mandatory tip pool.

118. As such, the class of similarly situated Class Members is properly defined as follows:

**All current and former employees nationwide for whom Defendants claimed the tip credit in the three years preceding the filing of this action to the present.**

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME
### (COLLECTIVE ACTION)

119. Plaintiff incorporates the preceding paragraphs by reference.

120. This count arises from Defendants' violation of the FLSA for its failure to pay Plaintiff and Class Members overtime based on the FLSA's time and a half formula.

121. For each hour worked in excess of forty (40) each week, Plaintiff and Class Members were entitled to be paid one and one-half times their regular rates of pay. 29 U.S.C. § 207.

122. By failing to pay overtime as required by the FLSA and described herein, Defendants have violated and continue to violate the FLSA.

123. No exemption contained in the FLSA, its implementing regulations, or recognized by any court of the United States permits an employer in Defendants' position to skirt its obligation to pay overtime to an employee situated in the position of the Plaintiff and Class Members.

124. Defendants' failure to pay overtime to Plaintiff and Class Members, in violation of the FLSA was willful and not based on a good faith belief that their conduct did not violate the FLSA. As such, the foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA. 29 U.S.C. § 255(a).

### COUNT II
### VIOLATION OF THE FAIR LABOR STANDARDS
### FAILURE TO PAY THE MINIMUM WAGE
### (COLLECTIVE ACTION)

125. Plaintiff incorporates the preceding paragraphs by reference.

126. This count arises from Defendants' violation of the FLSA in connection with their failure to pay the minimum wage in association with their illegal use of the tip credit.

127. Defendants' practice of failing to inform its employees of its intent to rely on the tip credit to meets its minimum wage obligations violates the FLSA. Likewise, by claiming a tip credit in excess of the statutory maximum, Defendants paid Plaintiff and the Class Members less than the minimum wage. Moreover, since Defendants are not allowed to take advantage of the tip credit privilege for the reasons described herein, the amounts they paid are below the federally mandated minimum wage.

128. Defendants' failure to pay the minimum wage to Plaintiff and Class Members, in violation of the FLSA was willful and not based on a good faith belief that their conduct did not violate the FLSA. To foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA. 29 U.S.C. § 255(a).

## WAGE DAMAGES SOUGHT PURSUANT TO 29 U.S.C. § 216(b)

129. Plaintiff incorporates the preceding paragraphs by reference.

130. Plaintiff and Class Members are entitled to receive the difference between the federal minimum wage of $7.25 an hour and the tip credit adjusted minimum wage for each hour they worked.

131. Plaintiff and Class Members are entitled to reimbursement of the amount of tips that were improperly utilized by Defendants.

132. Plaintiff and Class Members are entitled to recover an equal amount of their unpaid minimum wage as liquidated damages.

133. Plaintiff and Class Members are entitled to recover their unpaid overtime premiums for all time worked in excess of forty (40) hours in a single week.

134. Plaintiff and Class Members are entitled to recover an equal amount of their unpaid overtime premiums as liquidated damages.

135. Plaintiff is also entitled to recover her attorney's fees and costs, as required by the FLSA.

## JURY DEMAND

136. Pursuant to her rights under the Constitution of the United States, U.S. CONST. amend VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands trial by jury.

## PRAYER FOR RELIEF

137. For these reasons, Plaintiff respectfully requests that judgment be entered in favor of herself and the Class Members awarding them:

a. Minimum wage compensation unadulterated by the tip credit;

b. An equal amount of their unpaid minimum wage as liquidated damages;

c. Overtime compensation for all hour works in excess of forty (40) per week at the rate of one and one-half times their regular rates of pay unadulterated by the tip credit;

d. An equal amount of their unpaid overtime premiums as liquidated damages, as allowed under the FLSA;

e. Reimbursement of the amount of tips that were improperly utilized by the employer;

f. An equal amount of their tips as liquidated damages, as allowed under the FLSA;

g. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA; and

h. Such other and further relief to which Plaintiff and Class Members may be entitled, both in law and in equity.

       Respectfully submitted,

       By: /s/ Beatriz Sosa-Morris
       Beatriz Sosa-Morris
       SOSA-MORRIS NEUMAN
       ATTORNEYS AT LAW
       BSosaMorris@smnlawfirm.com
       Texas State Bar No. 24076154
       5612 Chaucer Drive
       Houston, Texas 77005
       Telephone: (281) 885-8844
       Facsimile: (281) 885-8813

       LEAD ATTORNEY IN CHARGE FOR PLAINTIFF AND CLASS MEMBERS

OF COUNSEL:
John Neuman
JNeuman@smnlawfirm.com
State Bar No. 24083560
SOSA-MORRIS NEUMAN
ATTORNEYS AT LAW
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8630
Facsimile: (281) 885-8813