IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAMELA REYES, on behalf of herself and on behalf of all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:17-cv-00883-S-BH |
| TOPGOLF INTERNATIONAL, INC. and TOPGOLF USA SPRING HOLDINGS, LLC, | § § § § | |
| Defendants. | § § | |

**DEFENDANTS' FIRST AMENDED ANSWER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants Topgolf International, Inc. ("Topgolf International") and Topgolf USA Spring Holdings, LLC ("Topgolf Spring") (collectively, "Defendants") present this First Amended Answer to Plaintiff's First Amended Complaint (Doc. 44):

**SUMMARY**

1.  The allegations of paragraph 1 do not require a response because they only state the nature of the action. To the extent a response is required, Defendants deny they are liable as alleged.

2.  The allegations of paragraph 2 do not require a response because they only purport to set out certain provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. To the extent a response is required, Defendants deny they are liable as alleged.

3.  The allegations of paragraph 3 do not require a response because they only purport to set out certain provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. To the extent a response is required, Defendants deny they are liable as alleged.

4.  Defendants deny the allegations of paragraph 4.

**FIRST AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT – Page 1**

5. Topgolf Spring admits that, at Topgolf Spring, the legally-permissible tip credit was applied to certain tipped employees who were eligible to have such a tip credit applied. Topgolf International admits that, at certain other facilities operated by other Topgolf entities where a tip credit was allowed under federal, state, and local law, a legally-permissible tip credit was applied to certain tipped employees who were eligible to have such a credit applied. The remaining allegations of paragraph 5 do not require a response because they only purport to set out certain provisions of the FLSA. To the extent a response is required, Defendants deny they are liable as alleged.

6. Defendants deny the allegations of paragraph 6.

7. Defendants deny the allegations of paragraph 7.

8. The allegations of paragraph 8 do not require a response because they only purport to set out certain provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. To the extent a response is required, Defendants deny they are liable as alleged.

9. Defendants deny the allegations of paragraph 9.

10. The allegations of paragraph 10 do not require a response because they only state the nature of the action. To the extent a response is required, Defendants deny they are liable as alleged.

11. The allegations of paragraph 11 do not require a response because they only state the nature of the action and certain relief requested. To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief requested.

## SUBJECT MATTER JURISDICTION AND VENUE

12. Defendants admit that this Court has subject matter jurisdiction over this action.

13. Defendants admit that venue is proper in this District and Division.

14. Defendants admit that Topgolf International is headquartered in Dallas, Texas.

## PARTIES AND PERSONAL JURISDICTION

15. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 15 and deny same on that ground.

16. The allegations of paragraph 16 do not require a response because they only state the scope of the class of persons to whom Plaintiff may seek leave to send a court-approved notice of a collective action under the FLSA. To the extent a response is required, Defendants deny that the Court should authorize the collective action Plaintiff requests.

17. Topgolf International admits that it is a corporation organized under Delaware law and that it has appeared in this action.

18. Topgolf Spring admits that it is a Texas limited liability company and that it has appeared in this action.

19. Topgolf Spring admits that it employed and paid employees who worked at the Topgolf Spring location.

20. Defendants admit that this Court has personal jurisdiction over them.

## FLSA COVERAGE

21. Each Defendant admits that, during the material times, it has been an employer as defined under 29 U.S.C. § 203(d).

22. Defendants admits that, during the material times, they have been an enterprise engaged in commerce as defined under 29 U.S.C. § 203(s)(1).

23. Each Defendant admits that, during the material times, it has had an annual gross volume of sales made or business done in excess of $500,000.

24. Defendants admit that Plaintiff was an employee who was employed in an enterprise engaged in commerce. Topgolf International admits that employees of Topgolf

facilities nationwide for whom a tip credit was claimed in the three years preceding the filing of this action were employed in an enterprise engaged in commerce.

25. Defendants admit that, during the material times, they have been an enterprise as defined under 29 U.S.C. § 203(r)(1). Defendants otherwise deny the allegations of paragraph 25.

26. Topgolf International admits that it operates nearly 30 entertainment establishments in various states under the name Topgolf. Topgolf International further admits that it maintains a website that advertises Topgolf facilities nationwide. Defendants otherwise deny the allegations of paragraph 26.

27. Defendants admit that they operate from the same headquarters, but otherwise deny the allegations of paragraph 27.

28. Defendants admits that, during the material times, they have been an enterprise as defined under 29 U.S.C. § 203(r)(1), but deny the remaining allegations of paragraph 28.

29. Defendants admits that, during the material times, they have been an enterprise as defined under 29 U.S.C. § 203(r)(1), but deny the remaining allegations of paragraph 29.

## FACTS

30. Topgolf International admits that it operates nearly 30 entertainment establishments in various states. Topgolf Spring denies the allegations of paragraph 30.

31. Topgolf International admits that employees known as Bay Hosts are employed at Topgolf facilities in the states listed in paragraph 31. Topgolf Spring admits that it employs employees known as Bay Hosts at the Topgolf facility in Spring, Texas, that it operates. Defendants otherwise deny the allegations of paragraph 31.

32. Defendants admit the allegations of paragraph 32.

33. Topgolf International admits that employees known as Bay Hosts are employed at Topgolf facilities in the states listed in paragraph 31 and that such employees are tipped employees.

34. Defendants admit that Plaintiff worked for Topgolf Spring as a Bay Host at the Spring, Texas facility at certain times, but otherwise deny the allegations of paragraph 34.

35. Defendants admit that, during two workweeks, Plaintiff worked overtime and was paid a direct cash wage of less than $5.76 per hour, but Defendants deny that Plaintiff is entitled to relief and otherwise deny the allegations of paragraph 35.

36. Defendants admit that, when she worked for Topgolf Spring, she was not exempt from the provisions of the FLSA.

37. Defendants deny the allegations of paragraph 37.

38. Defendants admit that Plaintiff was a tipped employee at certain times, but otherwise deny the allegations of paragraph 38.

39. Defendants admit the allegations of paragraph 39.

40. Topgolf Spring admits it has employed at least 100 Bay Hosts in the last three years at the Spring, Texas facility. Topgolf International admits that at least 100 Bay Hosts have been employed in the last three years at the Spring, Texas facility.

41. Topgolf International admits that at least 500 Bay Hosts have been employed at Topgolf facilities in the last three years throughout the State of Texas. Topgolf Spring lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 41 and denies same on that ground.

42. Topgolf International admits that at least 1000 Bay Hosts have been employed at Topgolf facilities in the last three years in the states in which Topgolf facilities operate. Topgolf

Spring lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 42 and denies same on that ground.

43. Topgolf International admits that the duties of Bay Hosts employed at Topgolf facilities throughout Texas, when working as Bay Hosts, are substantially the same. Topgolf Spring lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 43 and denies same on that ground.

44. Topgolf International admits that the duties of Bay Hosts employed at Topgolf facilities in the states in which Topgolf facilities operate, when working as Bay Hosts, are substantially the same. Topgolf Spring lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 44 and denies same on that ground.

45. Defendants deny the allegations of paragraph 45.

46. Defendants deny the allegations of paragraph 46.

47. Defendants deny that Bay Hosts direct guests to their assigned bays, but otherwise admit the allegations of paragraph 47.

48. Topgolf International denies that all Bay Hosts in the states in which Topgolf facilities operate are given the same employee handbooks. Topgolf Spring lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 48 and denies same on that ground.

49. Topgolf International denies that employees in the states in which Topgolf facilities operate receive the same employee handbooks. Topgolf International denies that employees in the states in which Topgolf facilities operate are governed by the same corporate policies, including payroll policies. Topgolf Spring lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 49 and denies same on that ground.

50. Defendants admit that, for the time in which she worked in a tipped position, Plaintiff was paid a direct wage less than the federal minimum wage by taking advantage of the tip credit available under 29 U.S.C. § 203(m). Topgolf International admits that, for time in which certain tipped employees work in tipped positions, and where it is allowed by state and local law, certain other tipped employees were paid a direct wage less than the applicable minimum wage by taking advantage of the tip credit available under the relevant law. Topgolf Spring lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 50 and denies same on that ground.

51. Topgolf International admits that, in the states where Topgolf facilities operate, there are employees with the job titles Bartender, Bar Back, Busser, Food Runner, and Bay Host, but Topgolf International denies that there are employees with the job title "Mucker" and otherwise denies the allegations of paragraph 51. Topgolf Spring admits that, at the Spring, Texas facility, it employs or employed employees with the job titles Bartender, Bar Back, Busser, Food Runner, and Bay Host, but Topgolf Spring denies that there are employees with the job title "Mucker" and otherwise denies the allegations of paragraph 51.

52. Topgolf International admits that, in the states where Topgolf facilities operate, Bartenders, Bar Backs, Food Runners, and Bay Hosts meet the definition of a tipped employee under the FLSA, but Topgolf International denies that there are employees with the job title "Mucker," states that at some facilities Bussers do not participate in the tip pool, and otherwise denies the allegations of paragraph 52. Topgolf Spring admits that the Bartenders, Bar Backs, Bussers, Food Runners, and Bay Hosts it employs or employed met the definition of a tipped employee under the FLSA, but states that as of late May, 2018, it did not employ Bussers as tipped employees, and Topgolf Spring denies that there are employees with the job title "Mucker" and otherwise denies the allegations of paragraph 52.

**FIRST AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT – Page 7**

53. Topgolf International admits that Topgolf facilities in Texas generally rely on the tip credit for complying with the minimum wage for Bay Hosts and Food Runners and for some, but not all, Bartenders, Bar Backs and Bussers, but Topgolf International denies that there are employees with the job title "Mucker" and otherwise denies the allegations of paragraph 53. Topgolf Spring admits that it generally relies or relied on the tip credit for complying with the minimum wage for its Bay Hosts and Food Runners and for some, but not all, Bartenders, Bar Backs and Bussers, but Topgolf Spring denies that there are employees with the job title "Mucker" and otherwise denies the allegations of paragraph 53.

54. Defendants deny the allegations of paragraph 54.

55. Defendants deny the allegations of paragraph 55.

56. Topgolf International admits that, for time in which Bay Hosts in Texas work in tipped positions as a Bay Host, they are paid a direct wage less than the applicable minimum wage by taking advantage of the tip credit available under 29 U.S.C. § 203(m). Topgolf Spring lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 56 and denies same on that ground.

57. Topgolf International admits that, for time in which Bay Hosts in Illinois work in tipped positions as a Bay Host, and where it is allowed by state and local law, they are paid a direct wage less than the applicable minimum wage by taking advantage of the tip credit available under the relevant law. Topgolf Spring lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 57 and denies same on that ground.

58. Topgolf International admits that, for time in which Bay Hosts in Georgia work in tipped positions as a Bay Host, and where it is allowed by state and local law, they are paid a direct wage less than the applicable minimum wage by taking advantage of the tip credit

available under the relevant law. Topgolf Spring lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 58 and denies same on that ground.

59. Topgolf International admits that, for time in which Bay Hosts in Kansas work in tipped positions as a Bay Host, and where it is allowed by state and local law, they are paid a direct wage less than the applicable minimum wage by taking advantage of the tip credit available under the relevant law. Topgolf Spring lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 59 and denies same on that ground.

60. Defendants deny the allegations of paragraph 60.

61. Topgolf International admits that, for time in which Bay Hosts in Oklahoma work in tipped positions as a Bay Host, and where it is allowed by state and local law, they are paid a direct wage less than the applicable minimum wage by taking advantage of the tip credit available under the relevant law. Topgolf Spring lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 61 and denies same on that ground.

62. Topgolf International admits that, for time in which Bay Hosts in Utah work in tipped positions as a Bay Host, and where it is allowed by state and local law, they are paid a direct wage less than the applicable minimum wage by taking advantage of the tip credit available under the relevant law. Topgolf Spring lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 62 and denies same on that ground.

63. Topgolf International admits that, for time in which Bay Hosts in Virginia work in tipped positions as a Bay Host, and where it is allowed by state and local law, they are paid a direct wage less than the applicable minimum wage by taking advantage of the tip credit available under the relevant law. Topgolf Spring lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 63 and denies same on that ground.

64. Topgolf International admits that, for time in which Bay Hosts in the states listed in paragraph 64 other than California, Nevada, and Oregon work in tipped positions as a Bay Host, and where it is allowed by state and local law, they are paid a direct wage less than the applicable minimum wage by taking advantage of the tip credit available under the relevant law. Topgolf Spring lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 64 and denies same on that ground.

65. Topgolf International admits that, for time in which Bay Hosts in the states listed in paragraph 65 other than Nevada and Oregon work in tipped positions as a Bay Host, and where it is allowed by state and local law, they are paid a direct wage less than the applicable minimum wage by taking advantage of the tip credit available under the relevant law. Topgolf Spring lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 65 and denies same on that ground.

66. Defendants deny the allegations of paragraph 66.

67. Defendants deny the allegations of paragraph 67.

68. Defendants deny the allegations of paragraph 68.

69. Defendants deny the allegations of paragraph 69.

70. Defendants deny the allegations of paragraph 70.

71. Defendants deny the allegations of paragraph 71

72. Defendants deny the allegations of paragraph 72.

73. Defendants deny the allegations of paragraph 73.

74. Defendants deny the allegations of paragraph 74.

75. Defendants deny the allegations of paragraph 75.

76. Defendants deny the allegations of paragraph 76.

77. Defendants deny the allegations of paragraph 77.

78. Defendants deny the allegations of paragraph 78.

79. Defendants deny the allegations of paragraph 79.

80. Defendants deny the allegations of paragraph 80.

81. Defendants deny the allegations of paragraph 81.

82. Defendants deny the allegations of paragraph 82

83. Defendants deny the allegations of paragraph 83.

84. Defendants deny the allegations of paragraph 84.

85. Defendants deny the allegations of paragraph 85.

86. Defendants deny the allegations of paragraph 86.

87. Defendants deny the allegations of paragraph 87.

88. Defendants deny the allegations of paragraph 88.

89. The allegations of paragraph 89 do not require a response because they only purport to set out certain provisions of the FLSA. To the extent a response is required, Defendants deny they are liable as alleged.

90. The allegations of paragraph 90 do not require a response because they only purport to set out certain provisions of the FLSA. To the extent a response is required, Defendants deny they are liable as alleged.

91. Defendants deny the allegations of paragraph 91.

92. Defendants deny the allegations of paragraph 92.

93. Defendants deny the allegations of paragraph 93.

94. Defendants admit that employees of Topgolf facilities have their payroll checks and/or statements processed through ADP.

95. Defendants deny the allegations of paragraph 95.

96. Defendants deny the allegations of paragraph 96.

**FIRST AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT – Page 11**

97. Defendants deny the allegations of paragraph 97

98. Defendants deny the allegations of paragraph 98.

99. Defendants deny the allegations of paragraph 99.

100. Defendants deny the allegations of paragraph 100.

101. Defendants deny the allegations of paragraph 101.

102. Defendants deny the allegations of paragraph 102.

103. Defendants deny the allegations of paragraph 103.

104. Defendants deny the allegations of paragraph 104.

105. Defendants deny the allegations of paragraph 105.

106. Defendants deny the allegations of paragraph 106.

107. Defendants deny the allegations of paragraph 107.

108. Defendants deny the allegations of paragraph 108.

## COLLECTIVE ACTION ALLEGATIONS

109. The allegations of paragraph 109 do not require a response because they only state the nature of the action. To the extent a response is required, Defendants deny they are liable as alleged.

110. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 110 concerning Plaintiff's knowledge and denies same on that ground. Defendants deny the remaining allegations of paragraph 110.

111. Defendants admit that Plaintiff worked as an administrative assistant at the Topgolf facility in Spring, Texas before becoming a Bay Host there, but otherwise deny the allegations of paragraph 111.

112. Defendants deny the allegations of paragraph 112.

113. Defendants cannot admit or deny the allegations of paragraph 113 because they are vague, and Defendants thus deny the allegations.

114. Defendants admit that they generally have names and last known addresses of individuals who worked for Topgolf facilities, but otherwise deny the allegations of paragraph 114.

115. The allegations of paragraph 115 do not require a response because they only state an allegation about the calculation of damages. To the extent a response is required, Defendants deny they are liable as alleged.

116. Defendants deny the allegations of paragraph 116.

117. Defendants deny the allegations of paragraph 117.

118. The allegations of paragraph 118 do not require a response because they only state an allegation regarding the scope of a proposed collective action. To the extent a response is required, Defendants deny they are liable as alleged and that the proposed collective action is proper or warranted.

## CAUSES OF ACTION

### COUNT I

119. Defendants incorporate the preceding paragraphs by reference.

120. The allegations of paragraph 120 do not require a response because they only state the nature of the action. To the extent a response is required, Defendants deny they are liable as alleged.

121. Defendants admit that, under the provisions of the FLSA, for each hour worked in excess of forty (40) each work week, Bay Hosts and other non-exempt employees for whom a tip credit is taken are entitled to one and one-half times their regular rate of pay.

122. Defendants deny the allegations of paragraph 122.

**FIRST AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT – Page 13**

123. Defendants admit that they do not assert that an exemption to the FLSA's overtime pay provisions applies to Plaintiff or other non-exempt employees for whom a tip credit was taken, but Defendants otherwise deny the allegations of paragraph 123.

124. Defendants deny the allegations of paragraph 124.

## COUNT II

125. Defendants incorporate the preceding paragraphs by reference.

126. The allegations of paragraph 126 do not require a response because they only state the nature of the action. To the extent a response is required, Defendants deny they are liable as alleged.

127. Defendants deny the allegations of paragraph 127.

128. Defendants deny the allegations of paragraph 128.

## WAGE DAMAGES SOUGHT PURSUANT TO 29 U.S.C. § 216

129. Defendants incorporate the preceding paragraphs by reference

130. Defendants deny the allegations of paragraph 130.

131. Defendants deny the allegations of paragraph 131.

132. Defendants deny the allegations of paragraph 132.

133. Defendants deny the allegations of paragraph 133.

134. Defendants deny the allegations of paragraph 134.

135. Defendants deny the allegations of paragraph 135.

## JURY DEMAND

136. The allegations of paragraph 136 do not require a response because they only make a jury demand

## PRAYER FOR RELIEF

137. Defendants deny that Plaintiff and any putative Class Member is entitled to any of the relief sought in paragraph 137 and its subparts.

## AFFIRMATIVE AND OTHER DEFENSES

138. Any allegations in the Complaint that are not specifically admitted above are denied.

139. The Complaint fails to state a claim upon which relief can be granted in whole or in part.

140. Plaintiff lacks standing to bring the claims asserted in the Complaint in whole or in part.

141. The Complaint fails to comply with the requirements for proceedings as a collective action; putative Class Members are not similarly situated.

142. Plaintiff and putative Class Members were employed in positions where they customarily and regularly received more than $30 a month in tips. Plaintiff and putative Class Members were paid the legal federal minimum wage for tipped employees—*i.e.*, at least $2.13 per hour—with the remainder of the minimum wage rate being made up of tips received by the employee. Plaintiff and putative Class Members were informed in advance of Defendants' use of the tip credit (a) of the amount of the cash wage that was to be paid to the tipped employee by the employer, (b) of the additional amount by which the wages of the tipped employee were increased on account of the tip credit claimed by the employer, which amount may not exceed the value of the tips actually received by the employee, (c) that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employee who customarily and regularly receive tips, and (d) that the tip credit shall not apply to any employee who has not been informed of these requirements. With the exception of tips contributed to a valid tip pool (*i.e.*, a pool that included employees who customarily and

regularly received tips), Plaintiff and putative Class Members retained all tips they each received. Defendants thus met the FLSA's wage payment requirements with respect to Plaintiff and all putative Class Members through the payment of wages as defined in 29 U.S.C. § 203(m) and its regulations.

143.   Any act or omission in violation of the FLSA that may be shown was not willful and was taken in good faith and with reasonable grounds for believing that the act or omission was not a violation of the FLSA.

144.   Plaintiff's and putative Class Members' claims may be limited or barred in whole or in part by both the two-year and three-year applicable statute of limitations.

145.   Defendants assert any matters of avoidance and affirmative defense particular to any opt-ins/claimants that may arise during the course of discovery but which are not apparent at this time, including all payments and wages as defined in 29 U.S.C. § 203(m) and its regulations as payment or an offset to any claims for unpaid minimum wage and overtime.

146.   Any claim by Plaintiff is limited are barred by offset, set-off, and/or payment. Topgolf overpaid Plaintiff overtime on account of certain calculation errors during the weeks of May 25-31, 2015; June 1-7, 2015; June 15-21, 2015; June 22-28, 2015; June 29 – July 5, 2015; July 13-19, 2015; and July 27 – August 2, 2015. Topgolf also overpaid Plaintiff overtime in June of 2016 by paying her for time she did not work: On June 19, 2016, Plaintiff clocked in to work as a Bay Host at 10:11 a.m. On information and belief, she ceased working that day on or about 4:30 p.m., but she was not clocked out under Topgolf Spring's time-keeping system. On June 20, 2016, Plaintiff clocked in to work as a Bay Host at 8:54 a.m. She clocked out at 4:17 p.m. that day. The clock-out time for June 19, however, was shown to be 4:30 p.m. on June 20. These clock-in and clock-out entries resulted in Plaintiff being paid for time she did not work. These overpayments offset or operate as a set-off against any sums allegedly due to Plaintiff.

**FIRST AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT – Page 16**

147. Any claim by Plaintiff is limited are barred by waiver and estoppel.

148. Defendants reserve the right to assert additional affirmative defenses as they become evident through discovery or investigation, in accordance with the Federal Rules of Civil Procedure and/or subsequent court order.

## RELIEF REQUESTED

For the reasons stated above, Defendants request that this Court dismiss Plaintiff's action with prejudice, award Defendants their costs, and grant Defendants such other and further relief to which they may be justly entitled.

Respectfully submitted,

*/s/ Scott M. McElhaney*            .
W. Gary Fowler
Texas State Bar No. 07329250
Scott M. McElhaney
Texas State Bar No. 00784555
David R. Schlottman
Texas State Bar No. 24083807
**JACKSON WALKER LLP**
2323 Ross Ave., Suite 600
Dallas, Texas 75201
Tel: 214-953-6000
Fax: 214-953-5822
Email: gfowler@jw.com
Email: smcelhaney@jw.com
Email: dschlottman@jw.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

      I hereby certify that on this 1st day of June, 2018, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all counsel of record as follows:

Beatriz Sosa-Morris
John Neuman
Sosa-Morris Neuman, Attorneys at Law
5612 Chaucer Drive
Houston, TX 77005
bsosamorris@smnlawfirm.com
jneuman@smnlawfirm.com

                                                               */s/ Scott M. McElhaney*