## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **PAMELA REYES, on behalf of herself** | § | |
| **and on behalf of all others similarly** | § | |
| **situated,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:17-CV-0883-S** |
| | § | |
| **TOPGOLF INTERNATIONAL, INC.,** | § | |
| **and TOPGOLF USA SPRING** | § | |
| **HOLDINGS, LLC,** | § | |
| **Defendants.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Standing Order of Reference*, dated July 25, 2017, this case was referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court for recommendation is *Defendants' Partial Motion to Dismiss Plaintiff's First Amended Complaint with Supporting Brief*, filed February 20, 2018 (doc. 49). Based upon the relevant filings and applicable law, the motion should be **GRANTED IN PART and DENIED IN PART.**

## I. BACKGROUND

On March 29, 2017, Pamela Reyes (Plaintiff) brought this collective action under the Fair Labor Standards Act (FLSA) on behalf of herself and all other similarly situated employees of Topgolf International, Inc., and Topgolf USA Spring Holdings, LLC (Defendants), to recover unpaid minimum and overtime wages. (docs. 1 at 1-4, 44 at 1-4.)[1]

Plaintiff worked at Defendants' "golf related entertainment facilit[y]" as a "Bayhost" from approximately March 2014 to December 2016. (doc. 44 at 6.) Her job duties included bringing food

---

[1] Citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

and drink orders to customers, guiding customers to their "assigned golfing bay," and "performing other activities generally akin to a server in a restaurant." (*Id*. at 7.) Defendants classified her as a "tipped employee" during part of her employment, and they paid her a direct wage less than the required minimum wage because they claimed the FLSA's "tip credit." (*Id*. at 6-7.) Plaintiff alleges that they required her and other tipped employees to participate in a "tip pool" with a group of employees known as "muckers" who had "no customer interaction" and "work[ed] exclusively washing dishes alongside dishwashers." (*Id*. at 13.) She further alleges that she worked overtime hours where she was paid "at a rate less than $5.76 per hour." (*Id*. at 6.)[2]

Plaintiff alleges that Defendants violated § 207 of the FLSA because they incorrectly calculated overtime wages when they paid their tipped employees a rate of $3.19 per hour, which is an "overtime rate of less than the federally mandated overtime rate for tipped employees of $5.76," (*id*. at 10), and they further violated the overtime requirements by using an "incorrect blended overtime rate" when calculating the overtime wages for the "tipped employees who also worked in a non-tipped position, such as event planners" (*id*. at 12).

She also asserts a cause of action under § 206 for Defendants' failure to pay the required minimum wage of $7.25 per hour to all employees, including tipped employees. (*Id*. at 15-16.) Plaintiff alleges that Defendants' reliance upon the FLSA's tip credit to pay a sub-minimum wage of $2.13 per hour was "illegal" because they failed to comply with the necessary statutory requirements. (*Id*. at 15-16.) The amended complaint states that Defendants may not rely upon the tip credit for the following reasons: (1) they failed to inform Plaintiff and the proposed class of the

---

[2]Plaintiff's amended complaint identifies the potential class members as "all person who were or are employed by Defendants nationwide for whom Defendants claimed the tip credit, such as Bayhosts, bartenders, bar backs, bussers, food runners, muckers, waiters, servers, or employees in substantially similar positions within three (3) years from the commencement of this action to the present." (doc. 44 at 14.)  Because a motion for conditional certification has not yet been filed, the composition of a possible putative class has not yet been determined.

necessary FLSA provisions, (*id*. at 10-12, 16); (2) they required the tipped employees to participate in a "tip pool" that included an ineligible class of employees known as "muckers," (*id*. at 13); and (3) they "violated the strict requirements of the FLSA's tip credit by taking a tip credit that exceeded $5.12," when they paid overtime wages of $3.19 per hour instead of $5.76 per hour, (*id*. at 9-10).

On February 20, 2018, Defendants filed a partial motion to dismiss under Rule 12(b)(6) seeking to dismiss the § 206 minimum wage claim to the extent it is based upon an impermissible tip pool and a miscalculation of overtime pay. (doc. 49.) With a timely response (doc. 52) and reply (doc. 54), Defendants' motion is ripe for recommendation.

## II. PARTIAL MOTION TO DISMISS

Defendants argue that Plaintiff's minimum wage claim under § 206 fails to state a claim to the extent it is based on the allegations that ineligible employees were in the tip pool or that they miscalculated overtime wages. (doc. 49 at 5.)[3]

A.     **Legal Standard**

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d 196. "[A] well-pleaded complaint may proceed even if its strikes a savvy judge that actual proof of [the alleged] facts is improbable,

---

[3]They do not seek dismissal of the "failure-to-inform" portion of her § 206 claim or any part of her § 207 overtime claim. (*See id.*)

3

and 'that a recover is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556

(2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions,

and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555*; accord*

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as

true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged

facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short,

a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough

facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows
> the court to draw reasonable inference that the defendant is liable for the misconduct
> alleged. The plausibility standard is not akin to a "probably requirement," but it asks
> for more than a sheer possibility that a defendant has acted unlawfully. Where a
> complaint pleads facts are "merely consistent with" a defendant's liability, its "stops
> short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the

line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570;

*accord Iqbal*, 556 U.S. at 678.

**B.    Ineligible Employees**

Defendants first seek dismissal of Plaintiff's claim under § 206 to the extent that it is based

upon allegations that they impermissibly included a class of employees known as "muckers" in the

tip pool. (doc. 49 at 5, 9-14.)

The FLSA sets the national minimum wage at $7.25 per hour. 29 U.S.C. § 206(a)(1). An

exception to the minimum wage requirement permits employers to pay employees the reduced rate

of $2.13 per hour as long as the employee qualifies as a "tipped employee,"[4] and the employee's tips make up the difference between the reduced rate of $2.13 per hour and the $7.25 per hour minimum wage. *See* 29 U.S.C. § 203(m); *see also Pedigo v. Austin Rumba*, Inc., 722 F. Supp. 2d 714, 721 (W.D. Tex. 2010) (discussing tip exception). This employer discount is commonly referred to as a "tip credit." *See Montano v. Montrose Rest. Assocs., Inc*., 800 F.3d 186, 188-89 (5th Cir. 2015). As a general rule, the "tip credit" exception may only be claimed if the employer shows: (1) the employer informed the employees of the provisions contained in § 203(m); and (2) the tipped employees retain all of their tips. *Id.* (citing 29 U.S.C. § 203(m)). The Fifth Circuit has held that the employer "has the burden of establishing its entitlement to the tip credit." *Id.* at 189; *see Roussell v. Brinker Int'l, Inc*., 441 F. App'x 222, 230 (5th Cir. 2011) (holding that a restaurant "had the burden to prove it operated a legal tip pool").

An employer may claim the tip credit even when it requires "the pooling of tips among employees who customarily and regularly receive tips." *See Montano*, 800 F.3d at 189 (quoting 29 U.S.C. § 203(m)). If an employee is required to pool and share tips with an employee who does not customarily and regularly receive tips, however, that employer may not legally take a tip credit. *Id.*; *see* 29 C.F.R. § 531.54. The FLSA does not specify which employees may share in a tip pool, but the Fifth Circuit has explained that "in determining whether an employee customarily and regularly receives tips, a court . . . must consider the extent of an employee's customer interaction." *Montano*, 800 F.3d at 193. Determining the extent of an employee's customer interaction requires "an *ad hoc* analysis of [the] employee's duties, rather than a *per se* determination based upon [the] employee's job title." *Pedigo*, 722 F. Supp. 2d at 729-730. An employee who has more than "minimal customer

---

[4] The FLSA defines "tipped employee" as "any employee engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips." *See* 29 U.S.C. § 203(t).

interaction" and "perform[s] important customer service functions" may participate in a tip pool. *Id.* A court may consider administrative materials from the Department of Labor (DOL), including opinion letters issued by the DOL's Wage and Hour Division, as a way to "give meaning to ambiguous statutory and regulatory phrases like 'customarily and regularly receive tips.'" *Montano*, 800 F.3d at 190 (noting that "the DOL is authorized to promulgate rules interpreting and clarifying the FLSA") (citing *Long Island Care at Home, Ltd. v. Coke*, 551 U.S. 158, 165 (2007)).

Here, Plaintiff's amended complaint claims that Defendants paid an improper minimum wage because they lost their ability to claim the tip credit when they included non-tipped employees in a tip pool. (doc. 44 at 12-13.) It alleges that Defendants included a group of employees in the tip pool with the "job/title of [m]ucker,"[5] who did "not receive tips directly from customers" and have "no interaction with customers." (*Id*. at 13.) It further explains that these employees "clock in under the 'mucker' title," work "exclusively washing dishes alongside dishwashers," and are "back of the house employees that are essentially dishwashers." (*Id*.)

Defendants argue that these allegations are insufficient because the amended complaint "must[] address[] on the required weekly basis, the job duties and customer visibility of any employee who received tip pool distributions with whom [Plaintiff] claims she overlapped" or should otherwise be dismissed for failure to state a claim as it would impose substantial costs on the parties. (doc. 49 at 12.) To support their contention that Plaintiff must identify a mucker's duty "over the course of a workweek" to state a claim, they rely upon an opinion letter from the DOL's Hour

---

[5] Though it appears to be an uncommon job title, the role of "mucker" has typically been that of a laborer who removed dirt and debris, particularly in dangerous workplaces such as oil tankers and drilling sites. *See Langfitt v. Fed. Marine Terminals, Inc.*, 647 F.3d 1116 (11th Cir. 2011) (defining the role of a mucker as "one who cleans excess crude oil out of ships' ballast tanks and holds"); *see Regan v. Parker-Washington Co.*, 205 F. 692, 693 (7th Cir. 1913) (defining muckers as laborers "who shoveled into cars and removed the debris caused by the [mine] blasts").

and Wage Division and a memorandum opinion from the Northern District of Illinois.[6] (*Id.*) (citing U.S. Dep't of Labor, Wage & Hour Div. *Opinion Letter*, 1997 WL 998047, *4 (Nov. 4, 1997) & *Frebes v. Mask Restaurants, LLC*, No. 13-C-3473, 2013 WL 5290051, at *1 (N.D. Ill. Sept. 18, 2013)). The DOL opinion letter explained that when a dishwasher "performs a variety of different jobs or duties, his or her status as one who 'customarily and regularly receives tips' will be determined on the basis of his or her activities over the entire workweek," but "it is not easy to establish such status for dishwashers." *Opinion Letter*, 1997 WL 998047, *4. Likewise, the district court in *Frebes* analyzed an FLSA tip-pool claim in the context of a Rule 12(b)(6) motion to dismiss, and found that "more detail [was] necessary for [p]laintiffs to adequately allege that food runners are non-tipped employees" because their claims "rest solely on the job title of the food runners" and alleged nothing about the "underlying facts." *Frebes*, 2013 WL 5290051 at *3. The district court in *Frebes* provided examples of additional facts that the plaintiffs could include, such as "what food runners do at [the defendant's restaurant], including their specific job duties, how much time they spend on each duty, whether and how often they interact with customers, and how they are paid." *Id.*

Neither of these opinions stands directly for the proposition that Plaintiff's amended complaint "*must*[] make allegations about the weekly activities of employees who serve in the alleged mucker role" or it otherwise must be dismissed for failure to state a claim under Rule 12(b)(6). (doc. 49 at 10) (emphasis added). The DOL opinion letter did not make an assessment under a Rule 12(b)(6) standard on whether or not a complaint pleads enough facts to state a claim

---

[6] Defendants also cite to the 5th Circuit's decision in *Montano*, but they note in their reply that the *Montano* court did not address whether allegations about duties over the "course of a workweek" are necessary because that court "was not required to address the period over which an employee's activities are to be examined in order to determine whether he or she 'customarily and regularly received tips' in his or her occupation." (doc. 54 at 8.)

that is plausible on its face, and the court in *Frebes* did not dismiss the complaint because of the plaintiffs' failure to identify the duties of the employees "over the course of a workweek," but instead noted that the plaintiffs did not include any other allegations besides the job title of the ineligible employees. *See Opinion Letter*, 1997 WL 998047, *4; *Frebes*, 2013 WL 5290051 at *3.

Even if Plaintiff must allege the job duties of a mucker over the course of a workweek to state a claim, the amended complaint includes well-pleaded allegations that, when taken as true and viewed in the most favorable light, meet this standard. It states that Defendants required their tipped employees, including Plaintiff, to contribute to a tip pool with a distinct group of individuals employed as "muckers" with the job duty of "exclusively washing dishes alongside dishwashers" that resulted in "no interaction with customers." (doc. 44 at 13.) Unlike the employees in the two opinions cited by Defendants, muckers are affirmatively identified in the amended complaint as having one "exclusive" duty of washing dishes during every shift, and there are no allegations in the amended complaint that muckers have any other duties or performed tipped work at any other time during the workweek.[7] (*Id*.) Though the parties appear to contest whether muckers had additional job duties over the course of a workweek that would classify them as tipped employees, these arguments directly contradict the allegations in the amended complaint regarding how a mucker's sole duty was "exclusively washing dishes alongside dishwashers." (docs. 44 at 13, 49 at 9-12, 52 at 17-22, 54 at 9-11.) Even if muckers do in fact have additional job duties beyond dish washing, that issue is more properly determined upon a motion for summary judgment or other evidentiary determination where both parties have an opportunity to provide additional evidence on the job

---

[7] The fact that these employees were called "muckers" and not "dishwashers" is not dispositive in characterizing them as tipped or non-tipped employees because "a restaurant's job-title nomenclature is not dispositive." *Barrera v. MTC, Inc*., No. SA-10-CA-665-XR, 2011 WL 3273196, at *4-5 (W.D. Tex. July 29, 2011) (citation omitted).

duties and legal status of the muckers.[8]  *See Baker*, 75 F.3d at 197 (finding error when "the trial court adopted portions of the defendants' claims as fact without acknowledging any contradiction with the complaint"); *see Ecoquij-Tzep v. Grill*, No. 3:16-CV-00625-M, 2016 WL 3745685, at *1 (N.D. Tex. July 12, 2016) (explaining that "when the supporting materials provided are 'scanty, incomplete, or inconclusive,' it is preferable not to convert the dismissal motion into a summary judgment proceeding") (quoting *Isquith ex rel. Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 193 n.3 (5th Cir. 1988)).

Based upon the well-pleaded allegations, the amended complaint states a distinct class of employees, *i.e.* muckers, who were improperly characterized as tipped employees based upon their job duty of exclusively washing dishes, and were included in a tip pool with Plaintiff in violation of the FLSA. Assuming these allegations are true, this would result in Defendants' inability to rely upon the tip credit when it paid Plaintiff $2.13 per hour, which means that Defendants paid less than the required the minimum wage in violation of § 206.[9] *See Montano*, 800 F.3d at 192 ("[o]n the other hand, a dishwasher who occasionally responds to customer requests and has minimal presence in

---

[8] In their reply, Defendants focus heavily on a footnote in Plaintiff's response that states "at this point while a busser may 'rotate' into a role as a mucker," which they deem an "admission" from Plaintiff that muckers had additional duties. (doc. 54 at 5, 9-14) (citing doc. 52 at 19 n.3.)  This statement  appears to be a conditional response to Defendants' contention that a "busser only works one mucker shift per week."  (doc. 52 at 19 n.3.)  Even if Plaintiff is attempting to assert additional factual allegations about muckers, a court "does not base its decision on allegations raised for the first time in the motion to dismiss or the plaintiff's response." *Hearn v. Deutsche Bank Nat. Tr. Co.*, No. 3:13-CV-2417-B, 2014 WL 4055473, at *4 (N.D. Tex. Aug. 15, 2014) (citing *Collins v. Morgan Stanley Dean Wittier*, 224 F.3d 496, 498 (5th Cir. 2000)).

[9] Plaintiff argues that "this case wrongfully shifts the burden to Plaintiff to plead around an affirmative defense" by identifying facts about ineligible employees in the tip pool because "proving compliance with the tip credit is [Defendants'] burden." (doc. 52 at 14.) Though she correctly identifies that Defendants bear the burden of proving entitlement to the tip credit, at least one other district court has found in a nearly identical context that the plaintiff's complaint must still "allege sufficient facts from which [a court] could infer that Defendants plausibly violated the FLSA" when asserting a claim for ineligible employees in the tip pool. *Frebes*, 2013 WL 5290051, at *3 (denying the plaintiffs' argument that they "did not need to plead specific facts describing the food runners and their non-tipped status because Defendants bear the burden of proving legitimate use of a tip pool" in her complaint). Even assuming that Plaintiff does not bear the burden at this stage, it would not change the findings or recommendation that she has properly alleged sufficient facts to state a claim.

the dining room setting up glasses likely is not a tipped employee.") (citing *Opinion Letter*, 1997 WL 998047, at \*1-2); *see also Scarborough v. Ammari of Louisiana, Ltd.*, No. 13-6196, 2014 WL 1154379, at \*2 (E.D. La. Mar. 21, 2014) (denying a motion to dismiss an FLSA "illegal tip pool" claim even though "the complaint [was] sparse in factual detail" because discovery could "flesh out the particularities"). Plaintiff's amended complaint accordingly states a claim under § 206 to the extent it is based upon ineligible employees in the tip pool.[10] Defendants' motion to dismiss on this basis should be denied.

## C.    **Miscalculation of Overtime Wages**

Defendants also seek dismissal of Plaintiff's claim under § 206 to the extent it is based upon allegations that they miscalculated overtime wages. (doc. 49 at 5, 14-18.)

As noted, the FLSA allows employers to pay tipped employees a cash wage of no less than $2.13 per hour and rely on tips to make up the rest of the $7.25 per hour minimum wage rate. *See* 29 U.S.C. § 203(m)(1)-(2). Under FLSA § 207, employers must pay an overtime premium of half of an employee's hourly "regular rate" of pay for work over forty hours in a workweek. *See* 29 U.S.C. § 207(a)(1). The DOL has explained that the "regular rate" for a tipped employee includes "both the direct wage and any tip credit." *See* Dep't of Labor, Wage & Hour Div., *Field Operations Handbook* § 32j18(e) (available at www.dol.gov/whd/FOH/FOH_Ch32.pdf). The maximum amount of the tip credit upon which an employer can rely under FLSA § 3(m) does not change when a tipped

---

[10] In the final section of her response, Plaintiff asks that "[i]f the Court finds that Plaintiff's factual allegations concerning Defendants' requirement that she share her tips with mucker/dishwashers, Plaintiff requests leave to replead to shore up any deficiencies the Court identifies." (doc. 52 at 22-23.) Because it has been found that Plaintiff states a claim under § 206 for ineligible employees in the tip pool, this motion for leave is denied as moot. It is further noted that this request does not comply with the local civil rules for the Northern District of Texas, which provide that when a party files a motion for leave to file an amended pleading, the party must attach the proposed amended pleading as an exhibit. Compliance with the rules of procedure is required of all parties and leave to amend may be denied for non-compliance. *See Shabazz v. Franklin*, 380 F. Supp. 2d 793, 798 (N.D. Tex. 2005) (accepting recommendation).

employee works overtime. *See id.* at § 30d07 ("An employer may not take a higher FLSA 3(m) tip credit against its minimum wage obligations during overtime hours than is taken during non-overtime hours.").

Plaintiff's amended complaint asserts that Defendants "violated the strict requirements of the FLSA's tip credit by taking a tip credit that exceeded $5.12," when they paid "overtime at a regularly [*sic*] hourly rate of 1.5 times the tip credit adjusted minimum wage of $2.13 an hour instead of applying the tip credit to 1.5 times the minimum wage." (doc. 44 at 9-10.) It further contends that "by paying overtime at a rate less than $5.76 an hour, [Defendants] also paid a tipped minimum wage to its tipped employees of less than $2.13 an hour because the effect of paying an illegally low overtime rate is to depress the hourly rate for the non-overtime hours below $2.13 an hour." (doc. 44 at 11.)

Though these allegations identify a basis for a § 207 claim for failure to pay overtime wages, the amended complaint does not identify a legal or factual basis for why a miscalculation of overtime pay can simultaneously be the premise for a § 206 claim for failure to pay minimum wages. There are no allegations that Defendants ever failed to pay her a direct wage less than $2.13 per hour under this basis, other than the vague and conclusory allegation that the miscalculation of overtime wages, which are identified as $3.19 per hour, had the "effect" of "depress[ing] the hourly rate for the non-overtime hours below $2.13 an hour." (*Id.*) In her response, Plaintiff does not contest the flaws identified by Defendants, and she instead concedes that "she no longer intends to explore the argument as presented in Defendants' motion that miscalculating the tipped overtime rate is a violation of the FLSA's minimum wage provision." (doc. 52 at 6.) Because Plaintiff has failed to state a claim, any cause of action under § 206 of the FLSA based upon the miscalculation of

overtime wages should be dismissed with prejudice.[11]

### III. RECOMMENDATION

Defendants' partial motion to dismiss should be **GRANTED IN PART and DENIED IN PART**. Plaintiff's claim for failure to pay minimum wages under § 206 of the FLSA based upon the miscalculation of overtime wages should be **DISMISSED with prejudice**.  The motion should otherwise be **DENIED**.

**SO RECOMMENDED** on this 2nd day of August, 2018.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[11] In her response, Plaintiff also includes a lengthy footnote explaining that she "is still pursuing the claim that the miscalculation of the overtime rate violates the *notice provision* of section 203(m)." (doc. 52 at 6-7 n.2.) Defendants reply that this "failure to inform" allegation should also be dismissed for failure to state a claim. (doc. 54 at 6.) Plaintiff, however, does not identify where this "claim" is alleged; she instead points to the same section that Defendants identify in their motion to dismiss, *i.e.* paragraphs 67-76 of the amended complaint. (docs. 49 at 8, 17, 52 at 7 n.2.) While the amended complaint does clearly allege a claim based upon the failure to inform her about "the amount of cash wage [Defendants are] paying a tipped employee" and "the additional amount claimed . . . as a tip credit," there are no allegations that Defendants' act of taking a "higher claimed tip credit" on overtime wages is an independent violation of the notice requirement. (doc. 44 at 10.) Since it was not raised in her amended complaint, Plaintiff's allegations "that the miscalculation of the overtime rate violates the notice provision of section 203(m)" will not be considered for the first time on a motion to dismiss. *See Hearn*, 2014 WL 4055473, at *4 (citing *Collins*, 224 F.3d at 498) (explaining that a court "does not base its decision on allegations raised for the first time in the motion to dismiss or the plaintiff's response").

12

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

   A copy of these findings, conclusions and recommendation shall be served on the parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific findings or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglas v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE